Good morning, Your Honors. Frank Polichelli, representing Mr. Kernan. In the 166 case that we're here for, the order of Judge Scullin disbarring Mr. Kernan, we take the position that the order of Judge Scullin was in violation of Mr. Kernan's rights as to due process. He disbarred him after he was admitted in violation of the local rules. He disbarred him claiming that because he had a prior felony conviction, he was rescinding an order which he had originally admitted him to practice on a petition under the local rules where Mr. Kernan provided his certificate of good standing from the Eastern District and the State of New York and explained in his petition under Local Rule 83.1 the circumstances of the prior felony conviction which Judge Scullin presided over in 2010. But if he got a hearing, what difference would it have made? Well, if he had a hearing, he would have explained the circumstances of the prior felony conviction, which is the subject matter of the Coram Nobis petition, saying that that conviction should be vacated to achieve justice because that conviction should have never, it should have, what was happening because of that conviction, he had continued to suffer the disability after he had served his sentence. Because that conviction back in 2010 was a violation of Section 1033 E1B, which says you were allowed somebody to participate in the business of insurance who has a prior felony conviction. So what happened after that conviction, he attempted to get a waiver. Unfortunately... He never appealed that conviction, right? Did he? No. No. Because he pled. It was a plea bargain. And when he pled, the reason why he pled was because he wanted to continue to be in the business of insurance or at least get his license to practice law so he could represent the insurance company in litigation, which he did. And what happened was the Department of Financial Services in New York State decided that by being the lawyer for the insurance company, he was engaging in the business of insurance. The problem goes back to that hearing back then when he was suspended from the practice of law. He attempted to get a waiver. The problem was this. If you look at the statute, 1033 E2 says you can get a waiver, but only if you were convicted of 1033 E1A. So if you're convicted of 1033 E1B, you're in a state of limbo. You're not able to get a waiver. So okay, he could live with that. He served his sentence. He had a five-year probationary sentence, paid a fine of $250,000, and he can't engage in the business of insurance. But he got his law license back, so he was able to practice law. The state regulatory agency said, well, you can't represent this client any longer. So he then applies to get admitted into the Northern District again, and he's admitted. While he's admitted, then there's a motion brought to disqualify him from representing the Ariska Insurance Company in the litigation in federal court based on the claim that he's engaging in the business of insurance in violation of 1033 F. Well, at that hearing, the magistrate judge decided without a hearing or an opportunity to be heard that he had violated a federal criminal statute, and he punished him. That's where the quorum nobis comes in. He's being punished again in violation of the Double Jeopardy Clause, multiple punishments for the same offense that he had already been punished for when he pled guilty to that 1033 violation. As a result of that, he's then told, well, you know, you're violating a criminal statute. There's no U.S. attorney bringing any charges. There's no indictment. There's no trial. There's no jury decision. It's a judge deciding you violated a federal criminal statute. The judge disqualified him, right? He did disqualify him. So the normal remedy for that would be an appeal or a mandamus, right? Well, he did appeal that to the district court judge who applied a clearly erroneous standard on that appeal. But it's also the subject matter of the quorum nobis petition that you have de novo review and an abuse of discretion on Judge Sotheby denying that writ of quorum nobis. Quorum nobis is designed to basically throw out the underlying conviction. That's right. This is you're now really just seeking that we overturn the disqualification ruling. Well, no. This is not the way to do that, right? Not really. I'm asking to vacate the conviction because of that ruling and because of the continuing disability where he can't practice law, he's still being punished for the same crime he already served his sentence on, which I submit is double jeopardy because it's multiple punishments for the same offense. And then a week later, after the after Judge Peoples decides he violated a federal criminal statute, which, by the way, they should have sought the civil penalty under 1034, which which is the statute that says if you violate, if you think somebody's violated a 1033 violation, you could get a civil remedy by going to under 1034. Nobody ever did that. They decided to go to the judge and say he violated a criminal statute. Well, if he violated a criminal statute, have the attorney general, have the U.S. attorney bring an indictment and let's have a trial on the issue. There was never any trial or any finding of fact as to whether or not he was engaging in the business of insurance. And that's fundamentally unfair. And it's fundamentally unfair for them to, for Judge Scullin to then come back a week later and sue Esponte, say, well, we made a mistake. We should have never admitted you in the first place because you have a prior felony conviction. So we're going to strike you from the membership of the role of a bar of this court. That's unfair. I think we have the benefit of your argument. Thank you for your time. Thank you for listening. Will reserve decision. Court is adjourned. Thank you, Judge.